IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARVIN THOMAS, and TERRELL LAWRENCE, on behalf of themselves and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) NO. 3:23-cv-01204 |
| v. | )<br>) CHIEF JUDGE CAMPBELL<br>) MAGISTRATE JUDGE FRENSLEY |
| RICHARD MONTGOMERY, as Chairman of the Tennessee Board of Parole, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM**

After serving "many years in prison" in the State of Tennessee, Plaintiffs Carvin Thomas and Terrell Lawrence, sought and were denied parole by the Tennessee Board of Parole. (*See* Am. Compl., Doc. No. 12 at ¶¶ 29, 43, 46, 50). Plaintiffs bring this case under 42 U.S.C. § 1983 against members of the Tennessee Board of Parole, arguing that the Board of Parole's use of a risk assessment tool called "STRONG-R" and Defendants' alleged inability to challenge the STRONG-R assessment violates their due process rights under the Fourteenth Amendment. (*See id*. at ¶¶ 79-80). Plaintiffs seek declaratory and injunctive relief.

Now before the Court is Defendants' Motion to Dismiss (Doc No. 14) and Plaintiffs' response (Doc. No. 15). In their response, Plaintiffs stated that they both "currently have pending cases before the Davidson County Chancery Court, seeking to reverse the parole hearings on writ of certiorari." (Doc. No. 15 at 7, n. 2). The Court Ordered Plaintiffs to file copies of any petitions filed by either of them in Davidson County Chancery Court related to their parole (Doc. No. 22), which they have done (Doc. No. 23).

# I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008). Here the Court has considered Plaintiffs' Davidson County Chancery Court filings (Doc. No. 23), which are public records.

# II. ANALYSIS

## A. *Heck* Doctrine

Defendants first attack the viability of the Plaintiffs' claims under *Heck v. Humphrey*, 512 U.S. 477 (1994). In the main, *Heck* addresses "whether a state prisoner may challenge the

2

Case 3:23-cv-01204   Document 26   Filed 06/17/24   Page 2 of 5 PageID #: 234

constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." *Id*. at 478. Here, Plaintiffs do not seek monetary damages related to the process used by Defendants when making parole determinations, but instead seek injunctive relief. A more applicable and recent Supreme Court case, *Wilkinson v. Dotson*, 544 U.S. 74 (2005), looked at whether a suit seeking declaratory and injunctive relief related to state parole procedures is actionable under Section 1983. In *Wilkinson*, the Court reiterated its previous holding that a prisoner in state custody "cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Id*. at 78 (citations omitted). The Court continued to differentiate between Section 1983 claims that attack previous decisions related to the duration of confinement – which are prohibited under *Heck* – and claims that seek an injunction against future unconstitutional procedures – which are allowed and do not fall within the exclusive purview of habeas relief. *Id*. at 79-81.

Plaintiffs' demand for a "declaration that the Defendants have violated [Plaintiffs'] rights under the Fourteenth Amendment" based on past parole decisions cannot constitute a cognizable Section 1983 remedy under *Heck* and *Wilkinson*. *Heck* and *Wilkinson* do not, however, prohibit prospective injunctive relief against the allegedly unconstitutional practices. But that takes the Court to the second of Defendants' arguments in favor of dismissal – that Plaintiffs fail to state a Section 1983 claim for which relief can be granted.

**B.      Failure to State a Claim**

There is no constitutional right to parole, and, because Tennessee has not created an entitlement to parole, Tennessee inmates do not have a constitutionally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979); *Bd. of Pardons v. Allen*, 482 U.S. 369 (1987); *Crump v. Lafler*, 657 F.3d 393, 397 (6th Cir. 2011). However, under the law of this Circuit, a Section 1983 claim based on the procedural due process

3

afforded in the parole process can stand under limited circumstances.  Specifically, due process requires only that "parole proceedings [afford] the inmate an opportunity to be heard, and, if parole is denied, the Parole Board informs the inmate of the basis upon which it denied parole." *Seagroves v. Tenn. Bd. of Probation and Parole*, 86 F. App'x 45, 48 (6th Cir. 2003) (citing *Greenholtz*, 442 U.S. at 16).

Plaintiff Thomas alleges that he attended a parole hearing in January 2023 and was informed of the basis for denial of parole. (Am. Compl., Doc. No. 12 at ¶¶ 36, 43). Likewise, Plaintiff Lawrence attended a parole hearing and was advised of the denial of parole in November 2022. (*Id*. at ¶¶ 50-52).

The Amended Complaint makes clear that the due process requirements afforded to parole hearings were followed. Plaintiffs' claim, however, challenges the information the parole officers used in making the ultimate decision of denial of parole.  This Court has repeatedly held that, assuming the basic due process rights were afforded to an inmate during a parole hearing – which the Plaintiffs agree occurred here – challenges to how and why a parole decision was made cannot serve as the basis for a right to relief under Section 1983.  *See Boyd v. Staggs*, No. 1:19-cv-00007, 2019 WL 295087, at * 4 (M.D. Tenn. Jan. 23, 2019); *Rucker v. Purviance*, No. 3:21-cv-00555, 2022 WL 409691, at *7-8 (M.D. Tenn. Feb. 9, 2022).

Plaintiffs are not without remedy because Tennessee law allows an inmate to seek review of decisions made by parole boards. *Greenwood v. Tenn. Bd. of Parole*, 547 S.W.3d 207, 213 (Tenn. Ct. App. 2017).  Indeed, both Plaintiffs have availed themselves of that review process. (*See* Doc. No. 23 (Chancery filings)). Regardless, Plaintiffs have failed to state claims for which relief can be granted under federal law.

4

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (Doc. No. 14) is **GRANTED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE